UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

JIMMIE CRAIG DANIELS,        )
                               )

      Petitioner,         )     Civil Action No. 12-21-HRW
                               )

v.                          )
                               )

MICHAEL SEPANAK,       )    **MEMORANDUM OPINION**
                               )        **AND ORDER**

      Respondent.     )

**** **** **** ****

Petitioner Jimmie Craig Daniels is an inmate confined at the Federal Correctional Institution in Ashland, Kentucky. Daniels, proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] In it, he contends that knowing possession of child pornography with intent to view it was not a crime at the time he was convicted of such conduct, relying upon *United States v. Schaefer*, 501 F.3d 1197, 1205 (10th Cir. 2007). [R. 1 at 3, 6] Daniels may not pursue this claim in a Section 2241 petition, and the Court will deny relief.[1]

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, at *1 (6th Cir. 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

On March 27, 2007, Daniels was indicted for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Following a one-day trial, a jury convicted him on this sole count on August 16, 2007. On December 18, 2007, Daniels was sentenced to 108 months imprisonment. Daniels sought relief from his conviction on direct appeal to the Fourth Circuit without success, and the Supreme Court denied his petition for a writ of certiorari on April 27, 2009. Daniels filed two motions for relief under 28 U.S.C. § 2255, but both were denied. *United States v. Daniels*, No. 4:07-CR-00341-RBH-1 (D.S.C. 2007).

In his petition, Daniels contends that at trial the government failed to prove that the servers he used to access the internet from his home computer were located outside the state to satisfy the nexus requirement that the images had traveled in interstate commerce. [R. 1 at 9-10] Daniels contends that under *Schaeffer* this failure is fatal to his conviction.

Daniels may not pursue his claim here. A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). If a federal prisoner wishes to challenge his criminal conviction itself, he must file a Section 2255 motion to vacate his sentence. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

Section 2255(e) provides a narrow "safety valve" which permits a prisoner to use Section 2241 to challenge his conviction, but only where the remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. A prisoner can only take advantage of this provision only where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241.").

Daniels's claim does not meet any of these criteria. First, his claim is predicated upon the holding of the Eleventh Circuit, not the Supreme Court, in a decision rendered long *before* his conviction became final in 2009. Indeed, Daniels acknowledges that he attempted to assert the holding in *Schaeffer* as grounds for relief in his petition for rehearing and did so again in his petition for a writ of certiorari. [R. 1 at 10-11] More fundamentally, the decision in *Schaeffer* addresses what evidence the government must adduce to prove a nexus to interstate commerce, *Id.* at 1201-03; it does not, as Daniels suggests, *ipso facto* render him actually innocent of the possession of child pornography proscribed by Section § 2252A. Because Daniels's claim challenges the sufficiency of the evidence used to convict him, it is one that could and should have been pursued on direct appeal or in a motion

for relief under Section 2255(a).  Having failed to do so, he may not pursue it in the first instance here.  *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999) ("The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255.").

Accordingly, **IT IS ORDERED** that:

1.     Daniels's petition for a writ of habeas corpus [R. 1] is **DENIED.**

2.     The Court will enter an appropriate judgment.

This 16th day of April, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge